JOURNAL ENTRY OPINION
{¶ 1} Appellant David Wohlabaugh appeals the trial court's denial of his motion for relief from judgment. Wohlabaugh assigns the following two errors for our review:
"I. The trial court erred and abused its discretion in denyingappellant's motion for relief from judgment."
 "II. The trial court erred and abused its discretion in failing togrant an evidentiary hearing prior to denying the appellant's motion forrelief from judgment."
 {¶ 2} Having reviewed the record and pertinent law, we affirm the decision of the trial court. The apposite facts follow.
 {¶ 3} On April 17, 2002, Cleveland Brown's football player, David Wohlabaugh, filed a complaint against appellees Salem Communications Corporation, Caron Broadcasting, Michael Olszewski, and WKNR (collectively referred to as "WKNR"). The complaint alleged claims of defamation, slander, and intentional and negligent infliction of emotional distress. Specifically, the complaint urged that WKNR issued a false report that Wohlabaugh had been arrested by the Cleveland police on November 19, 2001. Although two Cleveland Browns football players had been arrested, Wohlabaugh was not one of them.
 {¶ 4} Both sides filed motions for summary judgment. On November 3, 2003, the trial court granted WKNR's motion. In doing so, the trial court concluded that Wohlabaugh was a public figure by virtue of his status as a professional athlete, and the appellees did not display actual malice in airing the false broadcasts.
 {¶ 5} Wohlabaugh directly appealed the trial court's judgment on December 9, 2003, six days after the expiration of the thirty-day time limit for filing an appeal. On December 11, 2003, this court sua sponte dismissed Wohlabaugh's appeal as untimely. Wohlabaugh filed a motion for reconsideration with this court, arguing that co-counsel Peter Ginsberg, who appeared pro hoc vice, had not received notice of the trial court's judgment. On December 19, 2003, we denied Wohlabaugh's motion for reconsideration stating, "Motion by appellant for reconsideration denied. Appellant failed to demonstrate that local counsel was not served in accordance with Civ.R. 58."[1]
 {¶ 6} On May 11, 2004, Wohlabaugh filed a motion for relief from judgment in the trial court, which was opposed by WKNR. Wohlabaugh argued that summary judgment was improperly granted because evidence of actual malice was presented. Wohlabaugh contended that pro hoc vice co-counsel Peter Ginsberg was not served with the trial court's November 3, 2003 summary judgment entry. He had made this same argument to this court, as well. He provided an affidavit by Ginsberg, dated December 9, 2003, in which Ginsberg stated he did not "learn about the Order until approximately one week ago and did not see the Order until December 8, 2003." The affidavit was also attached to Wohlabaugh's motion for reconsideration of our dismissal of his prior appeal.
 {¶ 7} The trial court denied Wohlabaugh's motion for relief from judgment. Wohlabaugh now appeals.
 {¶ 8} Wohlabaugh contends in his first assigned error that the trial court abused its discretion in denying his motion for relief from judgment. We disagree.
 {¶ 9} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment.[2]
 {¶ 10} The moving party does not have to prove its case on the motion, only that it had a meritorious claim or defense to assert.[3]
 {¶ 11} The decision whether to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) is a matter within the sound discretion of the trial court; the court's ruling will not be reversed absent an abuse of discretion.[4] The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.[5]
 {¶ 12} Wohlabaugh has presented no grounds for vacating the trial court's summary judgment. Wohlabaugh contends, and we agree, that pro hoc vice co-counsel Ginsberg was not listed on the list of attorneys to be served with the trial court's November 3, 2003 summary judgment order. However, as this court stated in response to his previous attempt to appeal this case, Wohlabaugh has failed to demonstrate that local counsel, Vince Stafford, did not receive notice of the trial court's judgment. As co-counsel, Stafford had a duty to preserve the judgment for appeal and did not do so. Therefore, the fact that the pro hoc vice counsel did not receive notice does not provide grounds for vacating the trial court's judgment. If Wohlabaugh disagreed with the dismissal of his appeal, the proper legal remedy was to appeal the matter to the Ohio Supreme Court.
 {¶ 13} At oral argument, Stafford argues for the first time that he received the notice three days late and pursuant to Civ.R. 4 the time for filing the notice of appeal is tolled. Civ.R. 4 does not implicate this reasoning, and we note that local counsel did have sufficient time to file a timely notice of appeal.
 {¶ 14} Moreover, in his motion for relief from judgment, Wohlabaugh merely reiterates the merits of his case in an attempt to persuade the lower court that it erred in granting summary judgment. Such arguments are appropriate for a direct appeal, but not for a motion for relief from judgment. Besides, "it is axiomatic that Civ.R. 60(B) may not be used as a substitute for appeal."[6] Civ.R. 60(B) cannot be used to circumvent nor extend the time requirements for filing an appeal.[7] "Errors which could have been corrected by timely appeal cannot be the predicate for a Civ.R. 60(B) motion for relief from judgment."[8]
 {¶ 15} In the instant case, Wohlabaugh's meritorious claim or defense is that the trial court erred in granting summary judgment. He asserts the same arguments he raised in his opposition to WKNR's motion for summary judgment in support of his motion for relief from judgment. Therefore, he is essentially asking the trial court to reconsider its prior decision. A motion for reconsideration in the trial court is a nullity.[9] Challenges to the correctness of the trial court's decision on the merits are to be raised on direct appeal.[10] Therefore, because a Civ.R. 60(B) motion is not a substitute for appeal, Wohlabaugh's first assigned error has no merit and is overruled.
 {¶ 16} In his second assigned error, Wohlabaugh asserts the trial court erred by not conducting an evidentiary hearing prior to ruling on his motion for relief from judgment. We disagree.
 {¶ 17} In order to merit a hearing, a motion under Civ.R. 60(B) must be accompanied by a memorandum of facts and law and evidentiary materials containing operative facts which would warrant relief under the rule.[11]
Because we have found that Wohlabaugh's motion for relief merely reargues his motion in opposition to summary judgment, we conclude he failed to allege operative facts meriting a hearing. Thus, the trial court did not abuse its discretion by refusing to conduct a hearing. Wohlabaugh's second assigned error is overruled.
 {¶ 18} Finally, WKNR argues in its appellee's brief, that Wohlabaugh's appeal is frivolous and requests we impose sanctions pursuant to App.R. 23. However, WKNR, has failed to file a motion requesting sanctions in accordance with App.R. 15. A paragraph in a responsive brief is insufficient to raise the issue of sanctions.[12] A separate motion is necessary.[13] Therefore, we will not consider WKNR's request for App.R. 23 sanctions.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Cooney, J., Concur.
[1] Wohlabaugh v. Salem Comm. Corp., (Dec. 19, 2003), Cuyahoga App. 83907, Motion No. 35556.
[2] GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
[3] Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20; Moorev. Emmanuel Family Training Ctr. (1985), 18 Ohio St.3d 64, 67; Meyers v.McGuire (1992), 80 Ohio App.3d 644, 646.
[4] Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
[5] Hopkins v. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578,581.
[6] Doe v. Trumbull Cty. Children Serv. Bd. (1986), 28 Ohio St.3d 128;Trebmal Const. Inc. v. Cuyahoga Cty. Bd. of Rev. (1994),94 Ohio App.3d 246.
[7] Blasco v. Mislik (1982), 69 Ohio St.2d 684.
[8] Kelm v. Kelm (1992), 73 Ohio App.3d 395.
[9] Pitts v. Dept. of Transportation (1981), 67 Ohio St.2d 378.
[10] Blasco, supra at 685.
[11] Adomeit v. Baltimore (1974), 39 Ohio App.2d 97.
[12] Richards v. Beechmont Volvo (1998), 127 Ohio App.3d 188,192.
[13] Carollton Exempted Vill. Sch. Dist. Bd. of Educ. v. Ohio Ass'n ofPub. Sch. Emp. and its Loc. #541, 7th Dist. No. 03 CA 795, 2004-Ohio-1385;In re Estate of Wilhelm, 7th Dist. No. 02 CA 134, 2003-Ohio-4468;Cicchini v. Crew (Dec. 18, 2000), 8th Dist. Nos. 74009 and 76954; Nosalv. Szabo, Cuyahoga App. No. 83975, 83974, 2004-Ohio-4076.