JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records, and the brief of appellant's counsel.
 {¶ 2} Plaintiff George Mokrytzky (appellant) appeals the court's denying his motion for relief from judgment, which requested the court to reconsider its decision failing to grant damages under the Telephone Consumer Protection Act (the Act), 47 U.S.C. 227. After reviewing the facts of the case and pertinent law, we affirm.
 I {¶ 3} On October 3, 2005, appellant filed suit against defendant-appellee Job Shop Network (appellee), alleging that appellant received four unsolicited facsimile advertisements from appellee in violation of the Act. Appellee failed to file an answer or make an appearance, and on May 23, 2006, the lower court entered a default judgment in favor of appellant. However, the court ruled that appellant did not provide "an affidavit of damages or any proof whatsoever that plaintiff received the facsimile advertisements attached to the complaint. Therefore judgment in the amount of $0.00 is rendered."
 {¶ 4} On July 13, 2006, appellant filed a motion for relief from judgment pursuant to Civ. R. 60(B), which requested the court to reverse its decision to not award damages. The court denied appellant's motion on July 18, 2006, and the instant appeal follows.
 II {¶ 5} In his sole assignment of error, appellant argues that "the lower court erred in denying appellant[']s motion for relief from judgment." Specifically, appellant argues that the Act contains a statutory damages provision entitling mandatory minimum damages to a prevailing claimant.
 {¶ 6} 47 U.S.C. 227(b)(1)(C) makes it unlawful for any entity to send an unsolicited advertisement via facsimile. Furthermore,47 U.S.C. 227(b)(3)(B) states that a person may bring an action under the Act "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater * * *." Additionally, if the court finds that the defendant willfully or knowingly violated the Act, it may treble the statutory damages. Id.
 {¶ 7} In the instant case, appellant claimed that appellee willfully violated the act on four separate occasions, and requested $6,000 in damages. When the court awarded no damages, appellant had 30 days to file a notice of appeal with this court. App. R. 4(A). However, appellant instead opted to file a motion for relief from judgment on July 13, 2006, more than 30 days after the final judgment was issued.
 {¶ 8} Appellant specifically makes the following argument on appeal: "Appellants [sic] hereby respectfully urge[s] this honorable court to hold that the lower court erred by failing to reconsider and reverse its decision in regard to the *Page 4 
issue of damages, pursuant to appellant[']s motion for relief from judgment under Ohio Civil Rule 60(B) * * *."
 {¶ 9} We review a trial court's ruling on a Civ. R. 60(B) motion for abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75. A party seeking relief from judgment under Civ. R. 60(B) must show the following: a) a meritorious defense or claim should relief be granted; b) entitlement to relief pursuant to one of the reasons stated in subsections (1) through (5); and c) that the motion was filed in a timely fashion. See GTE Automatic Electric, Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146.
 {¶ 10} In the instant case, appellant failed to meet the second prong of the Civ. R. 60(B) test. Appellant alleges that he is entitled to relief under Civ. R. 60(B)(1) and (5), which state the following reasons respectively: "(1) mistake, inadvertence, surprise or excusable neglect; * * * (5) any other reason justifying relief from the judgment." However, "mistake" as contemplated by Civ. R. 60(B)(1) does not mean a mistake or error in the trial court's ruling that amounts to nothing more than a decision adverse to the moving party, as appellant would have us believe. See Harris v. Ohio Dept. of Rehab. Corr, Franklin App. No. 05AP-537, 2005-Ohio-6887. "A Civ. R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal * * *."State ex rel. Bragg v. Seidner, 92 Ohio St.3d 87, 2001-Ohio-152, quotingKey v. Mitchell (1998), 81 Ohio St.3d 89, 90-91. *Page 5 
Appellant's proper course of action was to appeal what he considered an adverse decision regarding damages.
 {¶ 11} As appellant failed to properly assert his motion for relief from judgment, the trial court did not abuse its discretion in denying the motion, and appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and ANN DYKE, J., CONCUR. *Page 1