OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-Appellant, Boardman Canfield Center, Inc., appeals the decision of the Mahoning County Court of Common Pleas that granted Civ.R. 60(B) relief to Defendant-Appellee, Dr. John Barrett. The Center argues that the issues raised in Dr. Barrett's motion were res judicata and were not proper subjects for a motion for relief from judgment. We agree. Each of the issues raised in Dr. Barrett's motion were or could have been raised at an earlier point in this litigation and cannot form a basis for Civ.R. 60(B) relief. The trial court's decision is reversed and its original judgment is reinstated.
 Facts {¶ 2} The Center owned a building that contained units of space which it rented to tenants for commercial and professional use. In 1993, Dr. Barrett and Dr. David Baer entered into a five-year lease with the Center. While the lease contained several inaccuracies, Drs. Barrett and Baer occupied the premises and paid rent at the rate of $866 per month.
 {¶ 3} In 1995, the Center remodeled the building, adding a kitchen, some cabinets, a business office and a doctor's office to the space leased by Drs. Barrett and Baer. As a result of these improvements, a new five-year lease was formed. The new lease, commencing in June 1995, required monthly payments of $1,350 plus $100 for maintenance. Drs. Barrett and Baer paid the Center $1,450 each month until February 1996. Then they stopped paying.
 {¶ 4} The Center was able to lease the premises to different occupants. However, the rent charged to the new occupants was less than the rent Drs. Barrett and Baer agreed to pay.
 {¶ 5} The Center filed a complaint against Drs. Barrett and Baer, alleging that they owed payment for the remainder of the lease term. The matter proceeded to trial before a magistrate, who found in favor of the Center. The magistrate determined that the total liability for the breach of the lease amounted to $66,150. However, subtracting the amount the Center was able to mitigate, the total award to the Center was $36,700. Dr. Barrett objected to the magistrate's decision, but the trial court overruled those *Page 2 
objections and adopted the magistrate's decision.
 {¶ 6} Dr. Barrett appealed that decision to this court and, in a decision styled Boardman Canfield Center, Inc. v. Baer, 7th Dist. No. 99 CA 268, 2001-Ohio-3199, we affirmed the trial court's decision, finding that Dr. Barrett did not properly object to the trial court on the issues he was raising on appeal.
 {¶ 7} While that appeal was pending, Dr. Barrett moved for relief from judgment under Civ.R. 60(B), arguing that the Center had perpetrated a fraud on the court when presenting its evidence at the trial before the magistrate. The Center responded, arguing, among other things, that the issues Dr. Barrett was attempting to raise were res judicata. The motion was heard by a magistrate, who issued a decision vacating the judgment. The Center timely objected to the magistrate's decisions, making the same arguments it made in response to Dr. Barrett's motion. The trial court overruled the Center's objections and adopted the magistrate's decision.
 Res Judicata {¶ 8} The Center argues five assignments of error on appeal. Since the fourth assignment of error is dispositive, we will address it first. In that assignment of error, the Center argues:
 {¶ 9} "The trial court erred in failing to address Appellant's assertion that it is precluded from vacating the judgment given that the substance of Appellee's 60(B) motion addressed matters subject to disposition in the Defendant's prior appeal."
 {¶ 10} Within this assignment of error, the Center's main argument is that the issues raised in Dr. Barrett's motion for Civ.R. 60(B) relief are barred by the doctrine of res judicata. Under that doctrine, a party cannot litigate an issue that was previously fully litigated between the parties and determined in a final judgment on the merits by a court of competent jurisdiction. Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,382. Accordingly, a motion for relief from judgment pursuant to Civ.R. 60(B) may not be used as a substitute for a timely appeal. Doe v.Trumbull Cty. Children Serv. Bd. (1986), 28 Ohio St.3d 128, 131. The arguments in a Civ.R. 60(B) motion may not merely reiterate arguments which concern the merits of the case and raise errors which could have been *Page 3 
corrected by a timely appeal. Manigault v. Ford Motor Co. (1999), 134 Ohio App.3d 402, 412.
 {¶ 11} In this case, Dr. Barrett could have raised any issue in his Civ.R. 60(B) motion earlier in the litigation. Dr. Barrett's argument in that motion was that the Center had committed a fraud upon the court in three different ways: 1) by presenting a fraudulent copy of a lease; 2) by failing to present a lease which failed to satisfy R.C. 5301.01; and, 3) by lying to the court about when the lease became effective. When making these arguments, Dr. Barrett cites to the complaint, subsequent filings, the trial transcript, and an affidavit from an attorney. Dr. Barrett raised each of these arguments, in some manner, previously in this litigation.
 {¶ 12} In his initial argument, Dr. Barrett argues that the Center committed a fraud upon the court by providing the court with a fraudulent copy of the lease. The Center attached a copy of the lease to its complaint, but that copy was unsigned. The Center subsequently filed an amended complaint and attached a different version of the lease, which was again unsigned. At trial, the Center presented a signed version of the lease attached to the amended complaint.
 {¶ 13} At trial, one of the Center's owners testified that an unsigned version of the lease was attached to the amended complaint because he left a signed copy with the defendants. He could not explain how his attorneys produced a signed version of the lease at trial. Dr. Barrett argued in his motion that these facts show that there is some question about the authenticity of the lease relied upon by the court and claimed that the Center committed a fraud upon the court by presenting the lease as authentic.
 {¶ 14} Dr. Barrett's own motion demonstrates that these issues were raised at trial. Drs. Barrett and Baer confronted the Center's representatives about the discrepancies between the leases, both in versions and signing, during cross-examination. Dr. Barrett's argument in his Civ.R. 60(B) motion is no different than it would have been had he raised a manifest weight argument in an appeal from the trial court's judgment.
 {¶ 15} Dr. Barrett also raised issues about the lease's compliance with R.C. 5301.01 earlier in the litigation. Indeed, this was the basis of his prior appeal. See *Page 4 Boardman Canfield Center (Finding that Dr. Barrett did not preserve an objection to the lease's compliance with R.C. 5301.01 since he did not raise this issue in his objections).
 {¶ 16} Finally, Dr. Barrett's final argument is merely another challenge to the weight of the evidence. In his introduction to this section, Dr. Barrett expressed his belief that the original judgment "was clearly wrong" since the magistrate and trial court did not notice an issue regarding the Center's alleged fraud which Drs. Barrett and Baer had "pointed out" at the time.
 {¶ 17} Thus, each of the issues which Dr. Barrett raises in his motion for relief from judgment were raised previously in the litigation and the only facts Dr. Barrett relied upon were those already in the record.
 {¶ 18} Dr. Barrett contends that these issues are not subject to res judicata because this motion is based upon the Center's "fraudulent misrepresentation of the facts" and not upon the issues raised in his prior appeal. However, res judicata applies both to issues that were or could have been raised earlier. Manigault at 412. There is no exception to the doctrine of res judicata merely because a party claims fraud upon the court. Snow v. Brown, 10th Dist. No. 02AP-1236, 2003-Ohio-3300;Sain v. Roo, 10th Dist. No. 02AP-448, 2003-Ohio-0626. Dr. Barrett's challenges to the original judgment either were raised earlier or are basically manifest weight arguments, which could have been raised earlier. Thus, the trial court erred by granting Dr. Barrett's Civ.R. 60(B) motion for relief from judgment.
 Moot Issues {¶ 19} In its other four assignments of error, the Center argues:
 {¶ 20} "The trial court erred in not addressing the effect of Dr. David Baer's post-judgment affirmation and payment of the trial court's decision which is the subject of this appeal."
 {¶ 21} "The trial court erred in not finding GTE Automatic Elec. v.ARC Industries, Inc. to be the controlling case law."
 {¶ 22} "The trial court erred in upholding the decision of the present magistrate which but substitutes its determination of facts, evidence and credibility for the prior court *Page 5 
decision which heard testimony and personally observed the demeanor and credibility of witnesses."
 {¶ 23} "The trial court erred in setting aside the judgment absent remand because it lacks jurisdiction on a 60(B) motion (filed 4/11/00) upon Appellee's commencement of its original appeal on 9/23/99."
 {¶ 24} These assignments of error merely address other reasons why the trial court's decision to grant Civ.R. 60(B) relief was incorrect. Our resolution of the Center's fourth assignment of error renders all of these other assignments of error moot.
 Conclusion {¶ 25} The Center challenges the trial court's decision to grant Civ. R. 60(B) relief to Dr. Barrett in a variety of ways, but we only need to consider one of those ways to resolve this appeal. Dr. Barrett's motion for Civ.R. 60(B) relief did not raise any issues which could not have been addressed in a direct appeal from the original judgment. Furthermore, Dr. Barrett did not provide any facts other than those found in the record in support of his motion. Accordingly, his arguments are precluded by the doctrine of res judicata. The trial court erred when it granted Dr. Barrett's motion for relief from judgment and the original judgment of the trial court is reinstated.
 Vukovich, J., concurs. Reader, J., concurs. *Page 1