JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Mindi Bonde, appeals the judgment of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, that granted the motion for relief from judgment of appellee, Robert H. Bonde. For the reasons stated herein, we reverse the decision of the trial court.
 {¶ 2} In this divorce action, the parties reached an "in court" settlement as to all pending issues on April 1, 2006. The agreement was memorialized by an in-court, hand-written agreement, which both parties executed. Thereafter, pursuant to local rule, counsel for Mindi prepared a proposed judgment entry of divorce, memorializing the parties' in-court agreement. Robert filed a "rejection of defendant's submission and proposed corrections to judgment entry" on August 7, 2006 (hereafter "rejection and proposed corrections"). The trial court judge signed the judgment entry, without the requested corrections, and issued a final divorce decree on August 10, 2006.
 {¶ 3} Thereafter, Robert filed a notice of appeal and a motion for relief from judgment. This court remanded the matter to the trial court, and on January 24, 2007, by agreement of counsel, the appeal was dismissed with prejudice. *Page 4 
 {¶ 4} The motion for relief from judgment was assigned to a new judge. As acknowledged in the trial court's judgment entry on the motion for relief, "it is apparent that [Robert] objected to the identical issues in his submission to the trial court and his motion for relief from judgment." Nevertheless, the trial court granted Robert's motion for relief from judgment on May 13, 2008.
 {¶ 5} Mindi timely filed this appeal, raising four assignments of error for our review. We address only her first and fourth assignments of error, which are dispositive of the matter. The assignments of error provide as follows:
 "I. The trial court erred and abused its discretion by granting the appellee's motion for relief from judgment."
 "IV. The trial court erred and abused its discretion by granting the appellee's motion for relief from judgment, where the appellee's motion was used as a substitute for a direct appeal; and the matters raised in the appellee's motion for relief from judgment were already ruled upon by [the trial court] * * *."
 {¶ 6} In ruling on the motion for relief from judgment, the trial court acknowledged that the issues raised therein were the same as those that had been submitted to the trial court in Robert's rejection and proposed corrections. In both pleadings, Robert argued that the judgment entry of divorce should be corrected with respect to (1) the division and cash values of various life insurance policies, (2) the erroneous allocation of bank accounts belonging to the parties' minor children as custodian accounts, and (3) the resulting division of *Page 5 
bank accounts between the parties. These arguments were rejected by the trial court when it entered the judgment entry of divorce on August 10, 2006. As set forth below, the issues should not have been reconsidered by the reassigned judge in ruling on the motion for relief from judgment.
 {¶ 7} It is well settled that "[a] Civ. R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal * * *."Key v. Mitchell, 81 Ohio St.3d 89, 90-91, 1998-Ohio-643. In seeking relief under Civ. R. 60(B), the movant must allege new grounds and may not rely on arguments it lost under the judgment to justify relief from that judgment. Elyria Twp. Bd. of Trustees v. Kerstetter (1993),91 Ohio App.3d 599, 602. Moreover, any claims or arguments that could have been raised in a timely appeal are precluded from being raised in a subsequent Civ. R. 60(B) motion. Garrett v. Gortz, Cuyahoga App. No. 90625, 2008-Ohio-4369.
 {¶ 8} Here, Robert initially appealed the trial court's judgment entry of divorce. However, he dismissed that appeal and proceeded on his Civ. R. 60(B) motion. Through his Civ. R. 60(B) motion, Robert sought review of the same arguments that had already been presented to, and rejected by, the trial court. A Civ. R. 60(B) motion must not be used merely to reiterate arguments concerning the merits of the case that could have been raised on appeal. Boardman Canfield Ctr., Inc. v.Baer, Mahoning App. No. 06 MA 80, 2007-Ohio-2609; *Page 6 Wohlabaugh v. Salem Communications Corp., Cuyahoga App. No. 84822,2005-Ohio-1189.
 {¶ 9} Insofar as Robert asserts that a mistake regarding accurate information or an inadvertent calculation constitutes grounds for relief from judgment, a "`mistake' as contemplated by Civ. R. 60(B)(1) does not mean a mistake or error in the trial court's ruling that amounts to nothing more than a decision adverse to the moving party." Mokrytzky v.Job Shop Network, Cuyahoga App. No. 88530, 2007-Ohio-2232. In this case, the arguments presented in Robert's motion for relief were presented to the trial court in his rejection and proposed corrections. Thus, Robert attempted to use a Civ. R. 60(B) motion to challenge the merits of the trial court's August 10, 2006 decision, which did not accept his proposed corrections. His motion for relief was an attempt to argue that the trial court wrongly decided the issues. Such arguments are appropriate for a direct appeal, but not for a motion for relief from judgment.
 {¶ 10} Even assuming, for the sake of argument, that Robert's motion for relief was properly filed pursuant to Civ. R. 60(B), we find that he failed to establish entitlement to relief thereunder. The judgment entry was consistent with the parties' in-court settlement agreement. Robert has not set forth any reason justifying his failure to account for the claimed discrepancies at issue *Page 7 
prior to entering the agreement, absent his own mistake or neglect. It is well settled that these grounds do not justify relief from judgment.Mamula v. Mamula, Trumbull App. No. 2005-T-0148, 2006-Ohio-4176. We also find that Robert failed to establish any "extraordinary circumstances" in this case to warrant the use of Civ. R. 60(B)(5).
 {¶ 11} "Ohio law favors the enforcement of an in-court settlement agreement voluntarily reached between the parties * * *. Indeed, neither a change of heart nor poor legal advice is a reason to set aside a settlement agreement." (Internal citations and quotations omitted.)Thompson v. Dodson-Thompson, Cuyahoga App. No. 90814, 2008-Ohio-4710. Furthermore, "[c]ourts must be wary and ensure that relief under Civ. R. 60(B) is justified, not merely a tool used `to circumvent the terms of a settlement agreement simply because, with hindsight, [the moving party] has thought better of the agreement which was entered into voluntarily and deliberately.'" McLoughlin v. McLoughlin, Franklin App. No. 05AP-621, 2006-Ohio-1530, citing Biscardi v. Biscardi (1999),133 Ohio App.3d 288, 292.
 {¶ 12} In this matter, Robert inappropriately used Civ. R. 60(B) to relitigate issues presented to the trial court. Because the issues raised in Robert's motion for relief could have been raised in a direct appeal, his motion should have been denied. Accordingly, we find that the trial court erred in granting Robert's motion for relief from judgment. We sustain appellant's first and fourth assignments of error and find the remaining issues are moot. *Page 8 
Judgment reversed.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, PRESIDING JUDGE
KENNETH A. ROCCO, J., CONCURS; MELODY J. STEWART, J., DISSENTS (WITH SEPARATE OPINION)