OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their oral arguments before this court. Plaintiff-Appellant, the Carrollton Exempted Village School District Board of Education, appeals the decision of the Carroll County Court of Common Pleas which denied its motion to modify or vacate an arbitration award and granted Defendant-Appellee's, Ohio Association of Public School Employees and its Local 541, motion to confirm that award. On appeal, the Board argues the trial court erred when it failed to vacate that award since the arbitrator exceeded the authority given to her in the collective bargaining agreement and decided a matter not submitted by the parties. The Association disputes these claims and argues that the Board's appeal is frivolous.
 {¶ 2} The law favors arbitration and a CBA will be read in such a way to give effect to arbitration proceedings and to favor the regularity and integrity of the arbitrator's acts if such a reading is reasonable. In this case, the arbitrator was asked to decide whether the Board's actions violated the CBA and whether the CBA incorporated the Board's long-standing practice of awarding a position based on seniority. When making this determination, the arbitrator measured the Board's actions against the factors the CBA stated the Board must consider when awarding a position. Thus, the arbitrator did not make a decision on an issue which was not submitted to her and did not improperly add terms to the parties' agreement. But we decline to consider whether to award App.R. 23 sanctions since the Association did not file a separate motion for those sanctions. For these reasons, the trial court's decision is affirmed.
 Facts {¶ 3} The Board governs the operation of the Carrollton Exempted Village School District and the Association is the exclusive bargaining representative of classified non-supervisory personnel working for the Board. Accordingly, the Board and the Association have entered into a CBA which was effective at all times pertinent to this dispute. The CBA provided that it "supercedes and cancels all prior practices and agreements." And Article XXIII, Section B provides in pertinent part that the Board would fill vacancies based on "ability to do work, classification seniority * * *, and past job performance."
 {¶ 4} In 2002, a new custodian position opened up at the Villa Elementary School, which is run by the Board. Raymond Marshall, a member of the Association, and five other applicants bid for that position. Marshall was the most senior applicant in the custodian classification who bid for the position. The position was eventually awarded to the least senior of the six applicants.
 {¶ 5} Since he was not awarded the position, Marshall filed a grievance. In that grievance, Marshall claimed he "was denied bid on the new Villa position according to Article XXIII B and the well established procedure of awarding positions to the most senior employee that bid on it." That grievance was denied by the Board's Director of Support Services and Marshall appealed to the Superintendent who also denied the grievance.
 {¶ 6} After his grievance was denied by the Superintendent, Marshall and the Association took the dispute before an arbitrator. Pursuant to Article VIII, Section C(1) of the CBA, the arbitrator "shall have no power to alter, add to, or subtract from the terms of the contract or make any decision contrary to law or the contract. The arbitrator shall expressly confine himself/herself to the precise issue(s) submitted for arbitration and shall have no authority to decide any other issue(s) not so submitted to him/her or to submit observations or declaration of opinion which are not directly essential in reaching his/her decision."
 {¶ 7} After a hearing, the arbitrator sustained the grievance. In her decision, the arbitrator found that the Association's argument that the Board violated the CBA by failing to rely on the "well established procedure of awarding positions to the most senior employee that bid on it" was meritless. She concluded that any long-standing practices were cancelled with the adoption of the CBA since its preamble stated that it "supercedes and cancels all prior practices and agreements."
 {¶ 8} But the arbitrator went on to decide whether the Board violated Article XXIII, Section B of the CBA when it awarded the position to the least senior applicant. The arbitrator found that both Marshall and the other applicant exhibited the ability to do the work required and that they had each been given positive reports about their past job performance. Since the other two factors were equal, the arbitrator found the Board violated the CBA when it awarded the position to the least senior bidder and sustained the grievance.
 {¶ 9} "In the opinion of the arbitrator, the seniority, ability, and past performance of the grievant having been established by the Union, in the presentation of its case the Board must demonstrate with specificity the basis for its selection of the less senior candidate. Evidence elicited by the Board must evince either in what manner the ability or performance of the less senior candidate surpassed that of the grievant or why the ability and performance of the grievant was found lacking."
 {¶ 10} The Board disagreed with this conclusion and moved the trial court to modify or vacate the award. The Association answered and counterclaimed for an order confirming the arbitration award. Because the parties did not dispute the facts, they agreed to waive a formal hearing and submit the matter on the contents of the case-file and briefs. Based on these materials, the trial court concluded that the arbitrator did not exceed her authority and that she did not award relief on a matter not submitted. Accordingly, it confirmed the arbitrator's award.
 Scope of Arbitration {¶ 11} The Board's two assignments of error are related and address the same issues of law and fact. Accordingly, we will address them together. Those assignments of error argue:
 {¶ 12} "The court of common pleas erred as a matter of law in failing to vacate that portion of the decision of the arbitrator which exceeded the specific and limited authority granted to her by the collective bargaining agreement."
 {¶ 13} "The court of common pleas erred as a matter of law in failing to vacate that portion of the decision of the arbitrator which decided a matter not submitted for arbitration by the parties."
 {¶ 14} The Board argues that the only issue the arbitrator was asked to decide was whether the parties intended that "the well established procedure of awarding positions to the most senior employee" be incorporated into Article XXIII, Section B of the CBA. It believes that once the arbitrator answered this question that any discussion of whether the Board violated those terms was beyond the scope of the issue submitted to the arbitrator. In addition, it argues that when the arbitrator made her improper determination, she improperly grafted terms into the contract when she stated that the Board must be able to demonstrate why it chose the less senior candidate. Thus, the Board believes the arbitrator exceeded her authority by deciding an issue not submitted to her in a manner which improperly adds terms to the CBA.
 {¶ 15} In response, the Association contends that the grievance clearly argues both that the well established procedure of awarding positions based on seniority is part of the CBA and that the Board violated the express terms of the CBA. In addition, it argues the arbitrator did not add terms to the CBA, but was merely interpreting its terms. Accordingly, it believes the trial court properly confirmed the arbitrator's award.
 {¶ 16} As a matter of policy, the law favors and encourages arbitration. Brennan v. Brennan (1955), 164 Ohio St. 29, paragraph one of the syllabus. "The only way to give effect to the purposes of the arbitration system of conflict resolution is to give lasting effect to the decisions rendered by an arbitrator whenever possible." Hillsboro v. Fraternal Order of Police, OhioLabor Council, Inc. (1990), 52 Ohio St.3d 174, 176. "[E]very reasonable intendment will be indulged to give effect to such proceedings and to favor the regularity and integrity of the arbitrator's acts." Brennan at paragraph one of the syllabus. "Ambiguities as to the scope of the arbitration clause itself should be resolved in favor of arbitration." Gaffney v. Powell
(1995), 107 Ohio App.3d 315, 320, citing Volt InformationSciences, Inc. v. Leland Stanford Junior Univ. Bd. of Trustees
(1989), 489 U.S. 468, 476.
 {¶ 17} Keeping these principles in mind, the arbitrator had the general authority to decide disputes regarding any alleged violation of the CBA. This CBA defines a grievance as "an alleged violation of a specific article or section of this Agreement." Under its terms, any grievance may be subject to arbitration if the grievant's claim is not satisfied by the internal grievance procedure.
 {¶ 18} If a dispute proceeds to arbitration, then any party to the arbitration may apply to the court of common pleas for an order confirming the award within one year after that award is made. R.C. 2711.09. The trial court has no discretion and must grant the confirmation unless a timely motion to vacate or modify has been made and grounds for modification or vacation are shown.Warren Edn. Assn. v. Warren City Bd. of Edn. (1984),18 Ohio St.3d 170, syllabus. But the trial court can vacate that award if, among other things, the arbitrator exceeded its powers. R.C.2711.10(D). Likewise, a trial court shall modify or correct an arbitrator's award if, among other things, the arbitrator has awarded upon a matter not submitted to it. R.C. 2711.11(B). In any instance, a trial court may not review the arbitrator's legal and factual conclusions. Goodyear Tire Rubber Co. v. LocalUnion No. 200 (1975), 42 Ohio St.2d 516, 522.
 {¶ 19} An arbitrator exceeds his or her power either if its award is contrary to public policy or when the arbitrator's award fails to draw its essence from the collective bargaining agreement. Monroe Cty. Sheriff v. Fraternal Order of Police, 7th Dist. No. 869, 2002-Ohio-5246, ¶ 27, 29, citing Board ofEdn., of the Findlay City School Dist. v. Findlay Edn. Assn.
(1990), 49 Ohio St.3d 129, paragraph two of the syllabus;Southwest Ohio Regional Transit Auth. v. Amalgamated TransitUnion, Local 627 (2001), 91 Ohio St.3d 108, 112. If a court vacated an arbitrator's award because it violates public policy, then that policy "must be well defined and dominant, and is to be ascertained `by reference to the laws and legal precedents and not from general considerations of supposed public interest.'" Id. At ¶ 29, quoting W.R. Grace Co. v. Local 759, Internatl.Union of the United Rubber, Cork, Linoleum Plastic Workers ofAm. (1983), 461 U.S. 757, 766.
 {¶ 20} "An arbitrator's award draws it essence from a collective bargaining agreement, `when there is a rational nexus between the agreement and the award, and where the award is not arbitrary, capricious, or unlawful.' Mahoning Cty. Bd. Of MentalRetardation Developmental Disabilities v. Mahoning Cty. TMREdn. Assoc. (1986), 22 Ohio St.3d 80, 22 OBR 95, 488 N.E.2d 872, paragraph one of the syllabus. `An arbitrator's award departs from the essence of a collective bargaining agreement when: (1) the award conflicts with the express terms of the agreement, and/or (2) the award is without rational support or cannot be rationally derived from the terms of the agreement.' Ohio Officeof Collective Bargaining v. Civ. Serv. Employees Assn., Local 11,AFSCME, AFL-CIO (1991), 59 Ohio St.3d 177, 572 N.E.2d 71, syllabus." Id. at ¶ 28.
 {¶ 21} The Board argues that the arbitrator decided a matter other than that submitted to her. It argues that the arbitrator was only asked to decide whether a long-standing practice of awarding jobs to the most senior employee was a part of the CBA. In support of this argument, the Board cites the Association's brief to the arbitrator which defined the issue the arbitrator had to decide as follows:
 {¶ 22} "Did the Carrollton Exempted Village School District Board of Education violate the Collective Bargaining Agreement and its standing practice of awarding positions to the most senior in the classification when it did not awarded [sic] the Villa custodian position to Fred Marshall?"
 {¶ 23} But the Board's argument in this regard is meritless for two reasons. First, the CBA states that the arbitrator is supposed to answer the grievance. The issues are framed by the grievance, not by the Association's brief to the arbitrator. Second and more importantly, both the grievance and the Association's brief indicate that the arbitrator was asked to answer more than just whether the long standing practice was included as part of the CBA. The grievance stated that Marshall was denied the position in violation of both Article XXIII, Section B of the CBA and the long-standing practice of awarding positions to the most senior employee that bid on it. As an aside, the Association stated the issues in its brief likewise.
 {¶ 24} Despite the Board's protests to the contrary, in order to resolve the grievance the arbitrator had to decide whether the CBA precluded the application of any long-standing practice and also whether the Board's actions violated the CBA. The only way to do this was to apply the terms of the CBA. The way that the arbitrator applied the CBA gets to the heart of the Board's second argument, that the arbitrator exceeded her powers by improperly adding terms to the CBA.
 {¶ 25} When determining whether the Board violated Article XXIII, Section B of the CBA, the arbitrator focused on the fact that the CBA specified that the Board would consider three factors when awarding positions: (1) ability to do work; (2) classification seniority; and, (3) past job performance. Next, it determined that the Board was supposed to weigh each of these factors when awarding a position. Comparing Marshall's qualifications to those of the person who was awarded the position, the arbitrator found that they each had the ability to do the work and had positive evaluations of their past job performance. Based upon the foregoing, the arbitrator concluded that with all other factors being equal, the Board should have awarded the position to the most senior candidate. In doing so, the arbitrator stated that in order to justify awarding a position to a less senior candidate, the Board must prove "either in what manner the ability or performance of the less senior candidate surpassed that of the grievant or why the ability and performance of the grievant was found lacking."
 {¶ 26} This method of evaluating the issues in the case did not graft additional terms to the CBA. It was a straightforward application of the CBA's terms. The arbitrator evaluated the Board's actions by applying the terms of the contract. She compared Marshall's qualifications to that of the person who was awarded the position because those were the only two people at issue in this grievance. The others who applied for the position did not file a grievance.
 {¶ 27} Fundamentally, the Board criticizes the manner in which the arbitrator interpreted and applied Article XXIII, Section B of the CBA. But the arbitrator was doing what she was supposed to do, interpret and apply the CBA. The arbitrator found the factors in Article XXIII, Section B indicates that the Board's discretion is not unfettered. The Board's arguments that the arbitrator exceeded her authority and decided an issue not submitted to her are clearly meritless.
 App.R. 23 Sanctions {¶ 28} In its brief, the Association argues that the Board's appeal is frivolous and it requests that we impose App.R. 23 in the form of attorney fees and expenses. But the Association has not filed a motion requesting the same in accordance with App.R. 15. We have previously held that we will not consider App.R. 23 sanctions absent a motion for those sanctions. See In re Estateof Wilhelm, 7th Dist. No. 02 CA 134, 2003-Ohio-4468, ¶ 5. "`A paragraph in a responsive brief is insufficient to raise the issue before this court, and we therefore decline to consider it.'" Id., quoting Richards v. Beechmont Volvo (1998),127 Ohio App.3d 188, 192.
 {¶ 29} Because the arguments in support of the Board's assignments of error are meritless, the judgment of the trial court is affirmed.
Judgment affirmed.
Waite, P.J., and Donofrio, J., concur.