OPINION
{¶ 1} James R. Davis, "in propria persona"[1] is appealing the decision of the Kettering Municipal Court overruling his "motion to vacate" a judgment convicting Davis of driving while his driver's license was under suspension. Davis appealed that judgment previously and on December 6, 2002, this court affirmed that judgment. He filed his motion to vacate on February 4, 2003, and the court entered its overruling decision the next day, from which he is appealing now.
 {¶ 2} Davis is raising the following two assignments of error:
 {¶ 3} "1. The trial court erred by charging and convicting appellant of `driving' under suspension, in violation of ohio revised code § 4507.02(B)(1), when in fact, appellant had no `ohio' `driver license.'
 {¶ 4} "2. The trial court erred by entering a judgment that is void, not merely voidable, because having a license is a necessary element of a charge of driving under suspension, therefore no subject matter jurisdiction existed."
 {¶ 5} Davis' whole case was based in the trial court and to this court on his first appeal on the issue raised in both assignments of error. Therefore, it has been determined conclusively already and his present appeal is barred by the doctrine of res judicata. State v. Perry (1967),10 Ohio St.2d 175, 180. This court has applied that doctrine many times. See, e.g., State v. Cook (Sept. 20, 1991), Montgomery App. No. 12465, citing Wright v. Schick (1938), 134 Ohio St. 193, 198.
 {¶ 6} In his brief, Davis asserts that unless he obtains the result from us that he is asking for, "this case will not end . . ." In the hope (probably in vain) of ending this litigation, we will briefly address the merits of this case.
 {¶ 7} Briefly, this case has no merits. He claims he could not be convicted of driving under suspension because, as he claims, his driver's license had expired and, therefore, was not under suspension. Unfortunately for Davis, the State of Ohio proved its case by the testimony of Officer Dabelt who testified under oath "that his own check at the BMV [Bureau of Motor Vehicles] records through his police dispatcher revealed that Defendant's license was under suspension." State v. Davis,
Montgomery App. No. 19166, 2002-Ohio-6778, pg. 6. In that appeal, this court found and held that there was no evidence "contradictory" to Officer Dabelt's testimony and that "Therefore, the record before us fails to portray the claimed error, that Defendant's driving privileges had expired and therefore could not be under suspension at the time he was cited for the offense of driving under suspension." Id., pg. 7. The issue is, therefore, settled. Davis is beating a dead horse. We hope he leaves this poor old horse alone and devotes his further time to the business of life.
 {¶ 8} Judgment affirmed.
Wolff, J. and Grady, J., concur.
[1] This seems to be the self-designation, instead of" pro se," preferred by members of the so called "common law" movement.