# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 07-41056

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 31, 2007

Charles R. Fulbruge III
Clerk

KAREN VAUGHN,
Individually and on behalf of all others similarly situated,

Plaintiff–Appellee,

v.

AMERICAN HONDA MOTOR COMPANY INC; HONDA MOTOR
COMPANY, LTD; NEW SABINA INDUSTRIES, INC; NIPPON SEIKE
COMPANY, LTD

Defendants,

v.

ZACK HAWTHORN; JESUS ITUARTE,

Appellant.

SHARON MCQUISTON,
Individually and on behalf of all others similarly situated,

Plaintiff–Appellee,

v.

AMERICAN HONDA MOTOR COMPANY INC; HONDA MOTOR
COMPANY, LTD

Defendants,

v.

ZACK HAWTHORN; JESUS ITUARTE

Appellant.

No. 07-41056

---

Appeals from the United States District Court for the Eastern District of Texas

---

Before HIGGINBOTHAM, STEWART, and OWEN, Circuit Judges.

PER CURIAM:

In these consolidated appeals, Zack Hawthorn asks this court to stay the district court's requirement that he file a $150,000 bond for costs on appeal, set pursuant to FED. R. APP. P. 7. He further requests that we reduce the amount of the bond to $1,000. For the reasons expressed below, we grant the motion and order that Hawthorn file a bond for costs on appeal in the amount of $1,000 within the time prescribed by the district court.

Hawthorn's motion arises from a proposed settlement of a class-action lawsuit against American Honda Motor Co. (Honda). Hawthorn is a class member. Plaintiffs allege odometers in certain Honda vehicles overstate actual mileage. After extensive discovery, class counsel and Honda memorialized the terms of a settlement proposal. The proposed settlement provides some class members various forms of relief, including warranty extensions, lease extensions, lease refunds, and repair reimbursements. These benefits are estimated to cost Honda $115 million, although there is evidence that their value on the open market would be approximately $244 million.[1] Honda is to pay approximately $10 million in lease refunds upon the effective date of the settlement,[2] which is at the conclusion of any appeals. However, Hawthorne traded his vehicle toward the purchase of a new one, and the settlement

---

[1] Vaughn v. American Honda Motor Co., 2007 WL 2901666 *6 (E.D. Tex. 2007)

[2] Id. at *10.

agreement provides no compensation to him or class members similarly situated, including class members who have sold their Honda vehicles.[3]

Class counsel and Honda moved to certify a settlement class and to settle the lawsuit. Several class members—including Hawthorn—objected on disparate grounds. Hawthorn specifically objected that the settlement provides no compensation to him or other class members who sold or traded their vehicles. He contends that the settlement should include amounts for "diminution in value," or value lost on a sale or trade-in due to inflated odometer readings.

The district court overruled this objection. The district court also required any objector who appealed to post a bond for costs on appeal of $150,000. The district court's memorandum opinion approving the settlement concluded in this regard:

> Class counsel requests that this court require any objector filing a notice of appeal to post a bond. The court agrees that the detrimental impact of an appeal as to the entire class renders it appropriate for the court to require any objector to post an appeal bond. See Fed. R.App. P. 7 ("[i]n a civil case, the district court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal"). It bears mention that Honda stands ready to deliver approximately $10 million in lease refunds to class members. Also, the court is of the opinion that the amount of bond should reflect the significant possibility that any objector's appeal will be subject to Fed. R.App. P. 38. See Sckolnick v. Harlow, 820 F.2d 13, 15 (1st Cir.1987) (holding that it is proper for a district court to considered [sic] the possibility that an appeal may result in the award of attorneys' fees in determining the appeal bond amount); and Allapattah Servs., Inc. v. Exxon Corp., 2006 WL 1132371, *17 (S.D.Fla.2006) (requiring appeal bond if an objector appeals on behalf of the entire class).[4]

---

[3] Id. at *8.

[4] Id. at *10.

Additionally, in its final judgment and order of dismissal, the district court concluded as follows:

> The court further concludes that the [sic] there is a significant probability that any appeal of the court's decision to overrule these objections would be summarily denied pursuant to Federal Rule of Appellate Procedure 38 and an award of attorneys' fees and costs assessed against the appealing objector(s). Therefore, pursuant to Federal Rule of Appellate Procedure 7, any person wishing to appeal this Final Order shall deposit a cashier's check or surety bond from an approved company with the Clerk of the Court to secure the costs of appeal as a condition of prosecuting the appeal. The amount of the bond will be $150,000 per appealing objector.

The first reason given by the district court for requiring a bond in the amount of $150,000 is to provide security for the "detrimental impact of an appeal as to the entire class."[5] To the extent the district court had in mind securing the benefits that would inure to the class members under the settlement agreement, the court was essentially using a bond for costs on appeal as a surrogate for a supersedeas bond. Bonds to supersede a judgment must be set under Rule 8, not Rule 7.[6]

The district court alluded to the fact that Honda "stands ready to deliver approximately $10 million in lease funds to class members."[7] We are persuaded that the costs of delay are adequately captured by the settlement. The settlement agreement makes no provision for the payment of pre-judgment interest on the benefits Honda has agreed to pay, and the settlement does not become effective, by its terms, until any appeals are concluded. The parties to the settlement thus agreed that the financial time-value of the benefits to be paid under the settlement is not to be awarded to the plaintiffs. To the extent

---

[5] Id.

[6] F.R.App.P. 7 & 8.

[7] Vaughn, 2007 WL 2901666 *10.

that the district court found that interest should be secured as part of "costs," it was in error, assuming, without deciding, that interest accrued pending appeal can appropriately be included as part of a bond for costs on appeal.

As a second basis to support the requirement of a $150,000 bond for costs on appeal for each appealing objector, the district court found that there is a probability that any appeal would be "summarily denied" and that this court would award attorneys' fees. We conclude that the district court abused its discretion in this regard.

The Federal Rules of Appellate Procedure permit a court of appeals, "after a separately filed motion or notice from the court and reasonable opportunity to respond," to "award just damages and single or double costs to the appellee" if the appellate court "determines that an appeal is frivolous."[8] There is no provision in the rules of procedure for a district court to predict that an appellate court will find an appeal frivolous and to set a bond for costs on appeal based on an estimate of what "just damages" and costs the appellate court might award. We have observed that Rule 38 only allows an appellate court to impose damages and costs in a frivolous appeal.[9] We have held that "the appellate court is generally better qualified to determine whether an appeal lacks merit."[10] The district court could not use Rule 7 in conjunction with Rule 38 as a vehicle to erect a barrier to Hawthorn's appeal in the form of a $150,000 bond for costs on appeal. Even if the rules permitted such a procedure, the district court's assessment of potential damages in the amount of $150,000 is not supported by any findings or reference to evidence in the record, assuming, without deciding, that "damages" under Rule 38 includes attorneys' fees.

---

[8] F.R.APP.P. 38.

[9] Id. (quoting F.R.APP.P. 38).

[10] Conner v. Travis County, 209 F.3d 794, 801 (5th Cir. 2000).

The district court did not affirmatively assess attorney's fees against the objectors, conditionally or otherwise, pursuant to a fee-shifting statute. We note in this regard that there is a split among the federal circuit courts as to whether a district court has the power to award attorneys' fees as costs pursuant to Rules 7 and 39(e) of the rules of appellate procedure[11] when an underlying statute provides that attorneys' fees may be included as costs.[12] That issue is not before us today.

Hawthorne requests that we reduce the amount of the bond to $1,000. None of the appellees has asserted that this amount is inadequate if the motion to stay the bond in the amount of $150,000 is granted. Accordingly, we reduce the amount of the bond to $1,000.

We recognize that there are competing, significant interests when an objector appeals a proposed class settlement. In some circumstances objectors may use an appeal as a means of leveraging compensation for themselves or their counsel. The detriment to class members can be substantial. On the other hand, imposing too great a burden on an objector's right to appeal may

---

[11] F.R.APP.P. 7, 39(e).

[12] Compare In re Cardizem CD Antitrust Litig., 391 F.3d 812, 817 (6th Cir. 2004) (determining whether attorneys' fees are included in "costs" by reference to the state statute that formed the basis of the suit), Pedraza v. United Guar. Corp., 313 F.3d 1323, 1333 (11th Cir. 2002) ("[T]he meaning of 'costs,' as used in Rule 7, should be derived from the definition of costs contained in the statutory fee shifting provision that attends the plaintiff's underlying cause of action."), and Adsani v. Miller, 139 F.3d 67, 75 (2d Cir. 1998) ("Adsani's argument that Rule 7 costs cannot include attorney's fees is also unavailing because the Copyright Act in section 505 of Title 17 allows attorney's fees to be levied 'as part of the costs.'"), with Hirschensohn v. Lawyers Title Ins. Corp., No. 96-7312, 1997 WL 307777 *3 (3d Cir. June 10, 1997) ("[W]e conclude that Rule 7 does not authorize a bond to cover estimated costs of attorneys' fees."), and In re Am. President Lines, Inc., 779 F.2d 714, 716 (D.C. Cir. 1985) ("The costs referred to [in Rule 7] are simply those that may be taxed against an unsuccessful litigant under Federal Appellate Rule 39, and do not include attorneys' fees that may be assessed on appeal.").

discourage meritorious appeals[13] or tend to insulate a district court's judgment in approving a class settlement from appellate review. However, the circumstances of the present case do not require us to consider the extent of a district court's authority to address these considerations.

\* \* \*

The motion to stay the appeal bond in the amount of $150,000 and to reduce the bond to $1,000 is GRANTED. Hawthorn is directed to file a bond for costs on appeal in the amount of $1,000.

---

[13] See generally Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 408 (1990) ("If appellants were routinely compelled to shoulder the appellee's attorney's fees, valid challenges to district court decisions would be discouraged.").