OPINION
{¶ 1} Appellant-counsel for decedent appeals a decision of the Greene County Probate Court overruling his motion to appoint him as special representative to pursue an appeal of an emergency guardianship on behalf of Virginia Crandall, deceased. The probate court filed its decision on April 12, 2007. Appellant filed a timely notice of appeal with this Court on May 10, 2007. *Page 2 
 I {¶ 2} On March 31, 2006, the probate court granted an application for appointment of an emergency guardian for Virginia C. Crandall, and immediately appointed Neal Crandall, Virginia's son, as emergency guardian for a period from March 31, 2006, though April 3, 2006. Upon the request of Neal Crandall, the probate court extended the emergency guardianship an additional thirty (30) days on April 3, 2006.
 {¶ 3} On May 1, 2006, Neal Crandall filed an application for appointment of guardian of incompetent with respect to Virginia Crandall. The probate court scheduled a hearing on the application for May 18, 2006, and extended the emergency guardianship to June 1, 2006. At the scheduled hearing, appellant requested that a psychologist or psychiatrist be hired to perform an independent evaluation of his client, Virginia Crandall, in order to assess the pending guardianship application. The probate court granted appeallant's request for an independent evaluation and provided Virginia Crandall with additional time to have the evaluation done. On May 19, 2006, the probate court issued an entry in which it ordered the following: 1) that Neal Crandall remain as emergency guardian pending further order of the probate court; 2) that two thousand five hundred dollars ($2,500.00) be disbursed to appellant as a retainer for his services to Virginia Crandall; 3) that three hundred dollars ($300.00) be disbursed to Virginia Crandall once a week for discretionary expenses; and 4) that appellant report on the status of Virginia Crandall's evaluation within thirty (30) days. On May 30, 2006, appellant filed a motion with the probate court requesting that the guardian, Neal Crandall, pay Dr. John Kennedy, M.D., five thousand dollars *Page 3 
($5,000.00) to perform the psychiatric evaluation of Virginia Crandall. The probate court granted the motion on May 31, 2006.
 {¶ 4} On June 5, 2006, appellant filed a motion in which he asked that Neal Crandall be held in contempt for failing to pay his retainer and for failing to pay Dr. Kennedy so that the evaluation could be performed. Appellant also filed a motion requesting that Neal Crandall be removed as temporary guardian of Virginia Crandall. In his response, Neal Crandall pointed out that Virginia Crandall did not have enough money to make the requested payments for either the retainer or the psychological evaluation. The probate court ordered a hearing to be held on June 22, 2006, to address the pending motions.
 {¶ 5} As a result of the hearing, the probate court issued an entry on June 23, 2006, in which it overruled the contempt motion, as well as the motion to remove Neal Crandall as temporary guardian. The court also ordered that the five thousand ($5,000.00) dollar fee be paid to Dr. Kennedy on or before August 1, 2006. Lastly, the probate court ordered that the emergency guardianship remain in effect until it could review the evaluation of the psychiatrist.
 {¶ 6} Additionally, on June 23, 2006, appellant filed a motion requesting the immediate termination of the emergency guardianship in which he argued that the guardianship could not continue because its extension was a direct violation of the Ohio Revised Code. On July 20, 2006, appellant filed an application for a writ of habeas corpus with this Court in Case No. 2006-CA-86. We overruled the application in a decision issued on August 9, 2006. On August 30, 2006, we overruled a subsequent motion for reconsideration of our decision to deny the writ of habeas *Page 4 
corpus.
 {¶ 7} On September 6, 2006, appellant filed an application for a writ of mandamus, or in the alternative, a writ of procedendo with this Court in Case No. 2006-CA-107. The application requested that we order the Greene County Probate Court to rule on the pending motions to terminate the emergency guardianship. In a decision issued on September 11, 2006, we ordered the probate court to proceed to judgment on the two pending motions to terminate the guardianship or show cause why a writ should not issue on or before September 20, 2006.
 {¶ 8} Pursuant to our directive, on September 15, 2006, the probate court issued a decision in which it stated that the motions to terminate the emergency guardianship were set for a hearing on October 11, 2006. Virginia Crandall passed away three days later on September 18, 2006. On September 19, 2006, the probate court terminated the case due to her death. Joel Crandall was subsequently appointed as the executor of Virginia Crandall's estate.
 {¶ 9} On October 4, 2006, we issued an order requiring appellant to show cause why the application for a writ of mandamus/procedendo should not be dismissed due to Virginia Crandall's death. No response was filed, and we dismissed the application as moot on December 7, 2006.
 {¶ 10} On October 19, 2006, appellant filed notice of appeal with this Court of the probate court's order of September 15, 2006. We dismissed the appeal in an entry dated January 23, 2007, in which we held that appellant lacked standing to file notice of appeal on Virginia Crandall's behalf when her estate already had a personal representative, namely Joel Crandall, executor of the decedent's estate. *Page 5 
 {¶ 11} On April 12, 2007, appellant filed a motion in the Greene County probate court in which he requested that he be appointed the special representative of the decedent in order to pursue an appeal of the emergency guardianship. The probate court found appellant's motion to be totally without merit and overruled said motion on the same date that it was filed.
 {¶ 12} It is this judgment before us on appeal.
 I {¶ 13} Appellant's sole assignment of error is as follows:
 {¶ 14} "THE TRIAL COURT'S `JUDGMENT ON APRIL 12, 2007, DENYING THE `MOTION TO APPOINT A SPECIAL REPRESENTATIVE' CONSTITUTES AN ABUSE OF DISCRETION BECAUSE ITS DECISION WAS UNREASONABLE, ARBITRARY AND UNCONSCIONABLE."
 {¶ 15} On June 29, 2007, appellee Joel Crandall filed his merit brief in response to the merit brief filed by appellant. On the same date, Joel also filed a motion for attorney fees pursuant to App. R. 23, in which he argued that appellant had engaged in frivolous conduct by filing the instant appeal. Specifically, Joel Crandall contends that there is no legal basis upon which appellant can request to be made the special representative of Virginia Crandall's estate once an executor has been appointed to wind up the financial affairs of said estate. Additionally, Joel Crandall asserts that because of Virginia Crandall's death, any issues with respect to the emergency guardianship in effect when she died are now moot. Thus, Joel Crandall requests that we find that appellant has engaged in frivolous conduct and sanction him accordingly. We agree with the arguments of appellee in this regard, and accordingly, we do not *Page 6 
reach the merits of appellant's sole assignment.
 {¶ 16} Pursuant to App. R. 23, "[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." An appeal is frivolous if it "presents no reasonable questions for review." Talbott v. Fountas (1984), 16 Ohio App.3d 226,475 N.E.2d 187. The decision of whether to award attorney fees for frivolous conduct rests within the sound discretion of this Court.
 {¶ 17} After careful consideration of the issues presented by both parties, we find that the instant appeal initiated by appellant is frivolous. In his reply brief filed on July 13, 2007, appellant concedes that the instant appeal is "technically moot" because Virginia Crandall passed, thereby naturally terminating the emergency guardianship that was in effect. Despite this admission, appellant still attempts to convince us that a "matter of great public importance" is involved because the probate court unconstitutionally extended the maximum duration of Virginia Crandall's emergency guardianship in violation of R.C. § 2111.02. Notwithstanding the fact that appellant personally filed numerous motions with the probate court which directly necessitated the extension of the emergency guardianship, the death of Virginia Crandall rendered any issues regarding the emergency guardianship moot.
 {¶ 18} In light of the foregoing analysis, we hold that appellant's appeal of the probate court's decision overruling his motion to be appointed personal representative of Virginia Crandall's estate is frivolous. Thus, appellant is hereby ordered to pay appellee Joel Crandall's reasonable attorney fees which were incurred in connection with the defense of this appeal. Pursuant to this decision, Joel Crandall is ordered to *Page 7 
submit to this Court an inventory of the fees and costs incurred in the defense of this appeal within thirty (30) days of publication of this opinion. Appellant has the right to respond within thirty (30) days thereafter.
 {¶ 19} Appeal dismissed as frivolous.
GRADY, J. and GLASSER, J., concur.
(Hon. George M. Glasser retired from the Sixth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1