[Cite as *Willoughby v. Willoughby*, 2017-Ohio-8201.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| ELENA A. WILLOUGHBY, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2016-T-0115** |
| JOHN R. WILLOUGHBY, | : | |
| Defendant-Appellee, | : | |
| STEVEN ECHOLS WATTS, DDS, INC., et al. | : | |
| | : | |
| Third Party Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division, Case No. 08 DR 425.

Judgment: Affirmed.

*Michael J. McGee*, Harrington, Hoppe & Mitchell, Ltd., 108 Main Avenue, S.W., Suite 500, Warren, OH 44481 (For Plaintiff-Appellant).

*Nancy E. Yakubek*, 524 North Park Avenue, Warren, OH 44481 (For Defendant-Appellee).

*Ned C. Gold, Jr.*, Ford, Gold, Kovoor & Simon, Ltd., 8872 East Market Street, Warren, OH 44484 (For Third Party Defendants-Appellees)

TIMOTHY P. CANNON, J.

{¶1} Appellant, Elena A. Willoughby, appeals from two judgment entries of the Trumbull County Court of Common Pleas, Domestic Relations Division. The first,

entered on December 29, 2015, contains factual findings related to appellant's request for a constructive trust following this court's remand order of March 3, 2014. The second is an Agreed Judgment Entry, dated November 10, 2016, between appellant and her ex-husband, John R. Willoughby ("Dr. Willoughby").[1]

**{¶2}** Appellant and Dr. Willoughby were married in 1972. In 1991, Dr. Willoughby and Appellee Steven E. Watts ("Dr. Watts"), entered into an office sharing agreement for their individual dental practices. Dr. Willoughby moved his practice into the building owned by Dr. Watts' wife, Rebecca Watts, in which Dr. Watts was already practicing.

**{¶3}** Pursuant to a December 15, 2008 bill of sale, Dr. Willoughby sold his dental practice to Dr. Watts and Appellee Steven Echols Watts, DDS, Inc. ("Watts Inc."). The purchase price of $75,000.00 was satisfied by Dr. Watts forgiving a debt of $49,550.68 owed by Dr. Willoughby and cash in the amount of $25,449.32, which was to be paid to Rebecca Watts to satisfy an outstanding loan.

**{¶4}** On December 17, 2008, appellant filed a complaint for divorce. On December 22, 2008, one week after Dr. Willoughby sold his practice, the trial court issued an order restraining Dr. Willoughby and appellant from disposing of any marital assets.

**{¶5}** On March 24, 2010, appellant filed a supplemental complaint joining Dr. Watts and Watts Inc. as third party defendants. Appellant alleged they were in possession of a marital asset (Dr. Willoughby's dental practice), which was acquired through a fraudulent transfer in violation of the common law and R.C. 1336.01 et seq.

---

1. Dr. Willoughby is listed as an appellee in the notice of appeal but has not filed an appellate brief, as the argument raised by appellant is solely against the remaining appellees, Dr. Watts and Watts Inc.

{¶6} Dr. Watts had the entire dental practice appraised, which now included Dr. Willoughby's old practice; the appraisal came in at $620,632.00. Dr. Watts subsequently sold the practice for $560,000.00; the sale did not include the building owned by Rebecca Watts.

{¶7} On April 26, 2012, appellant filed a motion to freeze assets, alleging Dr. Watts sold the practice for less than fair market value and was moving out of the jurisdiction to hide the proceeds. The trial court denied the motion.

{¶8} The trial court granted the Willoughbys a divorce on November 14, 2012. The trial court found Dr. Willoughby had committed financial misconduct by wrongfully dissipating a marital asset, his dental practice, with the intent to defeat appellant's claim to her share of the asset. The trial court also found Dr. Watts was unjustly enriched by Dr. Willoughby's financial misconduct, a basis for recovery that had not been alleged in the complaint. The trial court did not find in favor of appellant with regard to her allegation of a fraudulent transfer.

{¶9} The trial court held Dr. Watts had been unjustly enriched in the amount of $255,488.00. It granted a judgment in this amount in favor of the "marital estate" to create an equal distribution of $127,744.00 to both appellant and Dr. Willoughby. The trial court reached this amount by subtracting the $75,000.00 sale price, which had been used to pay marital debts, from the value of Dr. Willoughby's practice, which, after hearing testimony from two different appraisers, the trial court found was $330,488.00.

{¶10} Dr. Watts and Watts, Inc. filed a notice of appeal, and Elena cross-appealed. A cross-appeal was also filed by Watts, Inc. as the Assignee of Dr. Willoughby's Chapter 7 Bankruptcy Trustee.

3

**{¶11}** This court vacated the trial court's judgment against Dr. Watts. *Willoughby v. Willoughby*, 11th Dist. Trumbull No. 2012-T-0095, 2014-Ohio-743, *appeal not accepted*, 140 Ohio St.3d 1439, 2014-Ohio-4160. We held the trial court was not permitted to issue a judgment based on a theory of unjust enrichment, as it had not been raised in the pleadings. *Id.* at ¶32. Even if it had been pled, the fact that Dr. Watts may have benefited from the contract with Dr. Willoughby, who was free to dispose of his practice at the time of sale, did not equate to unjust enrichment. *Id.* at ¶29. The trial court further erred by placing the burden of Dr. Willoughby's financial misconduct on Dr. Watts rather than on Dr. Willoughby, who was the offending spouse. *Id.* at ¶35.

**{¶12}** We remanded the matter "for consideration of a financial misconduct remedy directed toward Dr. Willoughby as the trial court deems appropriate." *Id.* at ¶36, citing *Brooks v. Brooks*, 6th Dist. Fulton No. F-11-020, 2013-Ohio-405, ¶14-16 (holding when unforeseen circumstances defeat a trial court's equitable division of marital assets, the trial court may make a distributive award in order to achieve equity if it expressly retained jurisdiction to make further orders).

**{¶13}** On remand, appellant argued the trial court should order that a constructive trust was created in the transfer of Dr. Willoughby's dental practice to Dr. Watts and should be imposed on the proceeds Dr. Watts received when he later sold the practice. In a December 29, 2015 judgment entry, the trial court stated it did "not agree with this argument and did not find that a constructive trust was an appropriate remedy in the original order and is still of that opinion." It held that, pursuant to this

4

court's remand order, "the only remedy available is to determine what appropriate action can be taken against the party guilty of the financial misconduct, Dr. John Willoughby."

{¶14} The trial court held a hearing on November 10, 2016, to determine how the amount of appellant's one-half marital interest in the dental practice ($127,744.00) would be satisfied. There is no transcript of this hearing in the record.

{¶15} That same date, November 10, 2016, the trial court approved an Agreed Judgment Entry. With regard to appellant's marital interest in the dental practice, the entry stated: "John Willoughby shall pay $1,000 per month commencing November 1, 2016 to Elena Willoughby for property division. Said payments shall continue until the property division and distribution ordered in this Court's Judgment Entry dated November 14, 2012 [i.e., $127,744.00] is paid in full. The Court shall retain jurisdiction to modify the amount of the monthly payment for property division." The agreed entry was signed by the trial court, appellant and her counsel, and Dr. Willoughby and his counsel.

{¶16} Appellant now appeals and raises one assignment of error:

{¶17} "The Trial Court erred when it failed to implement a constructive trust for the dental practice marital asset that was inappropriately sold through the financial misconduct of Defendant Willoughby to the unjust enrichment of Dr. Watts."

{¶18} Appellant's assignment of error is based on a false premise, to wit: that Dr. Watts was unjustly enriched by Dr. Willoughby's financial misconduct. This court, as noted, previously held that Dr. Watts was *not* unjustly enriched and, further, that the issue of unjust enrichment was not properly before the trial court for it to make such a determination. Appellant alleged, but failed to prove, that Dr. Watts committed fraud.

5

This court held, under the facts of this case, that the only logical equitable remedy for financial misconduct would be against the offending spouse, not against a third party who was not liable under any theory of recovery. This court vacated the judgment against Dr. Watts and instructed the trial court to consider a remedy against Dr. Willoughby for his financial misconduct.

{¶19} Appellant has continued, nevertheless, to repeatedly argue that a constructive trust should have been imposed on the dollar amount Dr. Watts received when he sold the dental practice. "[A] constructive trust is an appropriate remedy against unjust enrichment, and may '* * * be imposed where it is against the principles of equity that the property be retained by a certain person even though the property was acquired without fraud.'" *Blanchard v. Fulton*, 10th Dist. Franklin No. 91AP-1063, 1992 WL 48550, *3, quoting *Ferguson v. Owens*, 9 Ohio St.3d 223, 226 (1984).

{¶20} Appellant asserts this court did not rule out the possibility, on remand, of the trial court imposing a constructive trust against the proceeds Dr. Watts received from the sale of the dental practice. Quite to the contrary, however, based on the pleadings and evidence appellant produced at the trial of this matter, this court conclusively foreclosed the possibility of appellant obtaining *any* remedy from Dr. Watts as a result of Dr. Willoughby's financial misconduct.

{¶21} Appellant's request for imposition of a constructive trust against Dr. Watts' assets was therefore barred by the law of the case doctrine, and the trial court did not err. *See Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984) (citations omitted) ("the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels").

6

"[T]he rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id.*, citing *State ex rel. Potain v. Mathews*, 59 Ohio St.2d 29, 32 (1979).

**{¶22}** Appellant's continued assertion that this court should find Dr. Watts was unjustly enriched is further barred by the doctrine of res judicata, as it was conclusively determined in the previous appeal. *See, e.g., State v. Davis*, 2d Dist. Montgomery No. 19792, 2004-Ohio-2199, ¶5 (citations omitted).

**{¶23}** Appellant's sole assignment of error is without merit.

**{¶24}** Appellees, in their responsive brief, have requested this court to order sanctions in the form of attorney fees, expenses, and costs. Appellant requested the same in her reply brief. The parties have not filed separate motions for such relief, pursuant to App.R. 15(A) ("Unless another form is prescribed by these rules, an application for an order or other relief shall be made by motion with proof of service on all other parties."). "'A paragraph in a responsive brief is insufficient to raise the issue before this court[.]'" *In re Estate of Wilhelm*, 7th Dist. Mahoning No. 02CA134, 2003 WL 21998611, *1 (Aug. 19, 2003), quoting *Richards v. Beechmont Volvo*, 127 Ohio App.3d 188, 192 (1st Dist.1998); *see also Carrollton Exempted Vill. Sch. Dist. Bd. of Educ. v. Ohio Assoc. of Pub. Sch. Emp.*, 7th Dist. Carroll No. 03 CA 795, 2004-Ohio-1385, ¶28; *Barbato v. Mercy Med. Ctr.*, 5th Dist. Stark No. 2005 CA 00044, 2005-Ohio-5219, ¶62; *Wohlabaugh v. Salem Comm. Corp.*, 8th Dist. Cuyahoga No. 84822, 2005-Ohio-1189, ¶18. Therefore, without separate motions to consider, we decline to address the issue of sanctions.

{¶25} The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is hereby affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.