[Cite as *State v. Baker*, 2023-Ohio-855.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                              :

    Appellant                          :        C.A. No. 29546

                                       :

v.                                         :        Trial Court Case No. 2019 CR 01766

                                       :

MICHAEL J. BAKER                           :        (Criminal Appeal from Common Pleas
                                       :        Court)
    Appellee                           :
                                       :

. . . . . . . . . . .

O P I N I O N

Rendered on March 17, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

CHRISTOPHER BAZELEY, Attorney for Appellant

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Appellant, the State of Ohio, appeals from an order of the Montgomery County Court of Common Pleas imposing sanctions on the State for filing a frivolous appeal. In support of its appeal, the State argues that the trial court lacked authority to impose such sanctions and that the sanctions were not warranted because the appeal in

question was not frivolous. For the reasons outlined below, the judgment of the trial court will be vacated.

**Facts and Course of Proceedings**

{¶ 2} On June 6, 2019, a Montgomery County grand jury returned an indictment charging Michael J. Baker with one count of gross sexual imposition of a child less than 13 years of age in violation of R.C. 2907.05(A)(4), a felony of the third degree. Baker pled not guilty to the charge, and the matter proceeded to a two-day bench trial beginning on January 26, 2021. After the State presented its evidence at trial and rested its case, Baker moved for an acquittal pursuant to Crim.R. 29, which the trial court granted.

{¶ 3} On February 25, 2021, the State filed a notice of appeal and a motion for leave to appeal the trial court's decision granting Baker's Crim.R. 29 motion. In the motion for leave to appeal, the State argued the following:

> [T]he trial court erred as a matter of law by failing to apply the proper legal standard for deciding [Crim.R. 29] motions. Specifically, the trial court failed to view the evidence presented in a light most favorable to the State * * *. Had the trial court applied the proper legal standard for reviewing a Crim.R. 29 motion for acquittal, the only reasonable conclusion the trial court could have reached, based upon the evidence presented in the State's case-in-chief, is that the State had met its burden to overcome such a motion.

Motion for Leave to Appeal (Feb. 25, 2021), 2d Dist. Case No. CA 29038, p. 2.

{¶ 4} On March 2, 2021, this court issued a show cause order instructing the State to show cause why its appeal should not be dismissed under R.C. 2945.67(A). That statute provides, in pertinent part, that: "A prosecuting attorney * * * may appeal by leave of the court to which the appeal is taken any other decision, *except the final verdict*, of the trial court in a criminal case[.]" (Emphasis added.) R.C. 2945.67(A). In our show cause order, we explained that: " 'A judgment of acquittal by the trial judge, based upon Crim.R.29(C), is a final verdict within the meaning of R.C. 2945.67(A) and is not appealable by the state as a matter of right or by leave to appeal pursuant to that statute.' " Show Cause Order (Mar. 3, 2021), 2d Dist. Case No. CA 29038, p. 1, quoting *State ex rel. Yates v. Court of Appeals for Montgomery Cty.*, 32 Ohio St.3d 30, 512 N.E.2d 343, (1987), syllabus. However, we recognized that " 'even in a case resulting in a judgment of acquittal, the prosecution may appeal from evidentiary rulings, such as admissibility of evidence, as such rulings fall within the language of 'any other decision, except the final verdict * * *' in R.C. 2945.67(A)." *Id.* at 1-2, quoting *State v. Bistricky*, 51 Ohio St.3d 157, 159, 555 N.E.2d 644 (1990). Because we found it unclear whether the argument raised by the State in its motion for leave to appeal described an evidentiary ruling that could be properly appealed under R.C. 2945.67(A), we issued the show cause order.

{¶ 5} On March 12, 2021, the State responded to the show cause order and argued that in *Bistricky* and *State v. Keeton*, 18 Ohio St.3d 379, 481 N.E.2d 629 (1985), the Supreme Court of Ohio recognized that the State is permitted to appeal from substantive legal rulings that result in an acquittal so long as the verdict itself is not appealed. The State argued that such substantive legal rulings constitute "any other decision, except the

final verdict" as expressed in R.C. 2945.67(A). In so arguing, the State maintained that the legal-standard argument it sought to advance on appeal was not an appeal from the final verdict.

{¶ 6} On May 6, 2021, this court issued a decision and final entry dismissing the State's appeal on grounds that the show cause order was not satisfied. In so holding, we determined that the State had failed to articulate a discrete legal issue underlying Baker's acquittal that could be properly appealed under R.C. 2945.67(A).

{¶ 7} Following our dismissal of the State's appeal, on May 18, 2021, Baker filed with the trial court a "Motion for Imposition of Sanctions Against State of Ohio." In the motion, Baker moved the trial court for sanctions pursuant to Civ.R. 11 on grounds that the State's appeal from the acquittal amounted to frivolous conduct. As sanctions, Baker requested an order for the State to pay reasonable attorney fees that were incurred in defending the action on appeal.

{¶ 8} In response to the motion, the State filed an opposing memorandum arguing that it was inappropriate for the trial court to award sanctions under Civ.R. 11 because that rule only applies to civil actions. The State also argued that, pursuant to App.R. 23, the court of appeals, not the trial court, was the proper court to award sanctions for a frivolous appeal. The State further argued that there were no compensatory attorney fees to award Baker since he was appointed counsel for both his trial and appeal.

{¶ 9} On July 15, 2021, the trial court issued a decision and entry granting Baker's motion for sanctions on grounds that the State's appeal was baseless and constituted frivolous conduct. In its decision, the trial court relied on Rule 38 of the Federal Rules of

Appellate Procedure as its source of authority for issuing sanctions for a frivolous appeal. As part of its decision, the trial court ordered the parties to submit recommendations as to what sanctions it should impose. On July 15, 2022, approximately a year after the parties had filed their recommendations, the trial court issued an entry ordering the State to pay Baker $1,540 in attorney fees as sanctions for its frivolous appeal.

{¶ 10} The State now appeals from the trial court's order imposing sanctions, raising a single assignment of error for review.

**Assignment of Error**

{¶ 11} Under its assignment of error, the State contends that the trial court lacked authority to sanction it for filing a frivolous appeal. The State also contends that the appeal in question was not frivolous. We will first address the issue of whether the trial court had authority to sanction the State for filing a frivolous appeal.

{¶ 12} App.R. 23 provides that: "If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." The language of this rule specifically vests "a court of appeals"—not the trial court—with authority to determine if an appeal is frivolous and whether to impose reasonable expenses as sanctions.

{¶ 13} The language of Fed.R.App.P. 38—the rule relied on by the trial court—is materially the same as App.R. 23. Specifically, Fed.R.App.P. 38 provides that: "If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and

single or double costs to the appellee."  Like App.R. 23, Fed.R.App.P. 38 vests "a court of appeals" with the authority to determine if an appeal is frivolous and whether to award damages and costs as sanctions.

{¶ 14} Multiple federal circuit courts of appeal have specifically held that Fed.R.App.P. 38 only permits appellate courts to impose damages and costs for a frivolous appeal.  *See, e.g.*, *Vaughn v. Am. Honda Motor Co., Inc.*, 507 F.3d 295, 299 (5th Cir.2007) ("We have observed that Rule 38 only allows an appellate court to impose damages and costs in a frivolous appeal."); *Azizian v. Federated Dept. Stores, Inc.*, 499 F.3d 950, 960 (9th Cir.2007); ("[O]nly the court of appeals may order the sanction of appellate attorney's fees under Rule 38."); *Conner v. Travis Cty.*, 209 F.3d 794, 801 (5th Cir.2000) ("[T]he appellate court is generally better qualified to determine whether an appeal lacks merit.  This finds expression in the Federal Rule of Appellate Procedure allowing only 'a court of appeals' to impose 'just damages and single or double costs to the appellee' in a frivolous appeal."); *In re Am. President Lines, Inc.*, 779 F.2d 714, 717 (D.C. Cir.1985) ("[i]t is * * * for the court of appeals, not the district court, to decide whether Rule 38 costs and damages should be allowed in any given case").

{¶ 15} Although this case is not governed by the Federal Rules of Appellate Procedure, but by the Ohio Rules of Appellate Procedure, we see no reason why App.R. 23 should be interpreted any differently than Fed.R.App.P. 38.  Just like Fed.R.App.P. 38, the language of App.R. 23 only authorizes appellate courts to impose sanctions for a frivolous appeal.  Therefore, we find that only this court had authority to determine if the State's appeal was frivolous and whether sanctions were warranted under App.R. 23.

**{¶ 16}** This finding is supported by *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E. 2d 1207, wherein the Supreme Court of Ohio explained that "the determination as to the appropriateness of an appeal lies solely with the appellate court" and that a trial-level judge "has no authority to determine the validity or merit of an appeal." *Id.* at ¶ 10, citing *In re Terrance P.*, 124 Ohio App.3d 487, 489, 706 N.E.2d 801 (6th Dist.1997) ("the trial court does not have any jurisdiction to consider whether the person has validly invoked the jurisdiction of the appellate court"). *See also In re Guardianship of Crandall*, 2d Dist. Greene No. 2007-CA-45, 2008-Ohio-3479, ¶ 16 ("The decision of whether to award attorney fees for frivolous conduct rests within the sound discretion of this Court.").

**{¶ 17}** Baker, however, claims that Civ.R. 11 provides a trial court with authority to impose sanctions for a frivolous appeal. This claim lacks merit because Civ.R. 11 is part of the Ohio Civil Rules of Procedure, which "prescribe the procedure to be followed in all courts of this state in the exercise of *civil jurisdiction*[.]" (Emphasis added.) Civ.R. 1(A). Those rules do "not apply to procedure * * * upon appeal to review any judgment, order or ruling[.]" Civ.R. 1(C)(1). Therefore, "Civ.R. 11 does not apply to conduct in the court of appeals." *Asamoah v. GM Financial*, 10th Dist. Franklin No. 21AP-641, 2022-Ohio-2301, ¶ 30. More specifically, "Civ.R. 11 does not apply to allegedly frivolous conduct that occurs during an appeal." *Asamoah v. SYGMA Network, Inc.*, 10th Dist. Franklin No. 21AP-405, 2022-Ohio-1868, ¶ 24, citing *In re Estate of Garza*, 10th Dist. Franklin No. 15AP-1031, 2016-Ohio-5531, ¶ 15. Therefore, we reject Baker's claim that Civ.R. 11 authorized the trial court to impose the sanctions at issue.

**{¶ 18}** We note that trial courts have some statutory authority under R.C.

2323.51(B)(1) to award reasonable attorney fees and expenses for "frivolous conduct" on appeal; however, that authority is limited to appeals of civil actions and does not apply to this case. *See* R.C. 2323.51(A)(1)(b) and (A)(2)(a); *State v. Fraley*, 2020-Ohio-3763, 156 N.E.3d 289, ¶ 24 (12th Dist.) (noting that R.C. 2323.51 applies "only to civil actions" and that "R.C. 2323.51(B)(1) permits a trial court to assess and make an award of reasonable attorney fees and expenses 'to any party to [a] civil action or appeal' "); *Helfrich v. Madison*, 5th Dist. Licking No. 13-CA-57, 2014-Ohio-1928, ¶ 6 ("R.C. 2323.51 allows for the recovery of fees for the civil action 'or appeal.' "). *Compare Early v. Toledo Blade Co.*, 6th Dist. Lucas No. L-11-1002, 2013-Ohio-404, ¶ 14 (explaining that "[t]he amendments to R.C. 2323.51, effective on April 7, 2005, extended its coverage to attorney fees incurred in appeals by inmates in civil actions" and that based on the language of the statute, the legislature "did not intend to allow for an award of attorney fees based on a party's conduct during an appeal, except for an inmate's appeal in a civil action.").

{¶ 19} For all the foregoing reasons, we find that the trial court had no authority to determine whether the State's appeal was frivolous and whether to impose sanctions on that basis. Pursuant to App.R. 23, those determinations are solely for this court.

{¶ 20} Because Baker never filed a motion[1] with this court requesting sanctions

---

[1] On March 5, 2021, Baker filed a responsive memorandum captioned: "Defendant/Appellee's Opposition to State of Ohio's Motion for Leave" wherein Baker argued that the State's appeal should be dismissed based on R.C. 2945.67(A) and requested sanctions under App.R. 23 in the last paragraph of the memorandum. "A paragraph in a responsive brief is insufficient to raise the issue [of sanctions for a frivolous appeal] before this court." *Richards v. Beechmont Volvo*, 127 Ohio App.3d 188, 192, 711 N.E.2d 1088 (1st Dist.1998). *Accord Willoughby v. Willoughby*, 11th Dist. Trumbull No. 2016-T-0115, 2017-Ohio-8201, ¶ 24; *Wohlabaugh v. Salem Communications Corp.,*

under App.R. 23, we, like many of our sister courts, decline to address whether the State's conduct was frivolous and warranted sanctions. *See Willoughby v. Willoughby*, 11th Dist. Trumbull No. 2016-T-0115, 2017-Ohio-8201, ¶ 24; *Wohlabaugh v. Salem Communications Corp.,* 8th Dist. Cuyahoga No. 84822, 2005-Ohio-1189, ¶ 18*; Barbato v. Mercy Med. Ctr.,* 5th Dist. Stark No. 2005 CA 00044, 2005-Ohio-5219, ¶ 62*; Carrollton Exempted Village School Dist. Bd. of Edn. v. Ohio Assn. of Pub. School Emps.*, 7th Dist. Carroll No. 03CA795, 2004-Ohio-1385, ¶ 28; *Stuller v. Price*, 10th Dist. Franklin No. 02AP-267, 2003-Ohio-583, ¶ 30; *Richards v. Beechmont Volvo*, 127 Ohio App.3d 188, 192, 711 N.E.2d 1088 (1st Dist.1998).

**{¶ 21}** We note that if Baker files such a motion, we are not automatically required to award sanctions under App.R. 23 even if we deem the appeal to be frivolous*. See, e.g., In re K.D.*, 9th Dist. Wayne No. 06 CA 0027, 2006-Ohio 473, ¶13-19 (finding the circumstances surrounding the filing of a frivolous appeal did not warrant the imposition of sanctions under App.R. 23). App.R. 23 provides that if a court of appeals determines an appeal to be frivolous "it *may* require the appellant to pay reasonable expenses of the appellee including attorney fees and costs." (Emphasis added.) Therefore, "[t]he decision of whether to award attorney fees for frivolous conduct rests within the sound discretion of this Court." *In re Guardianship of Crandall*, 2d Dist. Greene No. 2007-CA-

8th Dist. Cuyahoga No. 84822, 2005-Ohio-1189, ¶ 18*; Carrollton Exempted Village School Dist. Bd. of Edn. v. Ohio Assn. of Pub. School Emps.*, 7th Dist. Carroll No. 03CA795, 2004-Ohio-1385, ¶ 28; *Stuller v. Price*, 10th Dist. Franklin No. 02AP-267, 2003-Ohio-583, ¶ 30. Pursuant to App.R. 15, "an application for an order or other relief shall be made by motion with proof of service on all other parties." Therefore, "[a] request for App.R. 23 sanctions should be the subject of a separately filed motion." *Stuller* at ¶ 30. Baker's responsive memorandum did not satisfy that requirement.

45, 2008-Ohio-3479, at ¶ 16; *Figetakis v. My Pillow, Inc.*, 9th Dist. Summit No. 29843, 2022-Ohio-1078, ¶ 20.

**{¶ 22}** Because the trial court lacked authority to determine whether the State's appeal was frivolous and whether to impose sanctions on that basis, the State's sole assignment of error is sustained.

## Conclusion

**{¶ 23}** Having sustained the State's assignment of error, the judgment of the trial court granting Baker's motion for sanctions and its order imposing $1,540 in attorney fees as sanctions against the State are vacated.

. . . . . . . . . . . . .


TUCKER, J. and HUFFMAN, J., concur.